IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELE DRAULIC, INC. | ) |
| | ) |
| Petitioner, | ) |
| | ) Misc. No. 16-108-SLR |
| v. | ) |
| | ) |
| HETRONIC INTERNATIONAL, INC., | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |
| | ) |
| HETRONIC INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. No. 14-787-F (SOH) |
| v. | ) (W.D. Okla.) |
| | ) |
| TORSTEN REMPE et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

At Wilmington this 30th day of June, 2016, having reviewed petitioner Tele

Draulic Inc.'s ("Tele Draulic") motions to quash (D.I. 1, D.I. 4), and the papers submitted

in connection therewith, the court issues its decision based on the following analysis:

1. **Background.** This case relates to two subpoenas ("the subpoenas") issued

pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure by the United

States District Court for the Western District of Oklahoma at the request of Hetronic

International, Inc. ("Hetronic") and directed to nonparty Tele Draulic. (D.I. 3 at 1) Tele

Draulic moves to quash the subpoenas pursuant to Rules 45(d)(3)(A)(ii) and 45(c)(1)(A)

of the Federal Rules of Civil Procedure. (D.I. 1 at 1) The subpoenas request

information from Tele Draulic for use in Hetronic's current action (the "underlying

action") against Hetronic's former president, Torsten Rempe ("Rempe"), and other

defendants. (D.I. 11 at 1) The underlying action is a suit captioned *Hetronic*

*International, Inc. v. Torsten Rempe et al.*, Civ. No. 15-787-F pending in the Western

District of Oklahoma. (D.I. 8 at 1)

2. In the underlying action, Hetronic alleges that Rempe took proprietary

documents with him when he left Hetronic and later shared those documents with

Hetronic's competitors. (D.I. 7 at 3) According to Hetronic, Tele Draulic is Rempe's

"brainchild" and is part of a larger group of companies which include Tele Radio AB

("TRAB") and TRAB's United States subsidiary, Tele Radio America ("TRAM")

(collectively, "Tele Radio Group"), one of Hetronic's main competitors. (*Id.* at 4-5)

Hetronic alleges that, while Rempe was still on Hetronic's payroll, he reached out to

TRAM about creating a competitor to Hetronic. (*Id.* at 5) According to Hetronic, Rempe

began working with TRAM and TRAB employees in 2014 to develop a business plan.

(*Id.* at 6-7) Rempe incorporated Tele Draulic in the spring of 2015 with their help. (*Id.*

at 7) To support its allegations, Hetronic submits emails detailing corporate meetings

between Rempe, Tele Draulic's president, Bertil Gorling ("Gorling"), and other TRAB

employees in Phoenix, Arizona and Miami, Florida to help prepare Tele Draulic's

business plan. (*Id.*, D.I. 8 exs. 5, 6, 7, 10, 11)

3. The first subpoena (the "production subpoena") was issued on February 29,

2016 and requests the production of any documents, information or objects relating to

Tele Draulic's communications, agreements, business strategies, and relationships in

the radio industry. (D.I. 1, ex. B) The second subpoena (the "deposition subpoena")

was issued on March 4, 2016 and requests a deposition of a director from Tele Draulic regarding any of the topics listed above. (*Id.*) The subpoenas seek to gain information about Tele Draulic's relationship with Rempe and other employees of Rempe's companies ("Rempe employees") for use in the underlying action. (*Id.*) Hetronic served Tele Draulic's registered agent for service of process in Delaware with the subpoenas on March 15, 2016, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at 2)

4. Tele Draulic contends that the subpoenas should be quashed because no Tele Draulic employee lives within a 100 mile radius, as required by Rule 45(d)(3)(A)(ii). (D.I. 4 at 3) Tele Draulic also alleges that it cannot produce any material related to the underlying action because all documents requested by the production subpoena are protected under attorney-client privilege or constitute attorney work product. (*Id.* at ¶ 15)

5. **Standard**. Under Rule 45 of the Federal Rules of Civil Procedure, the court is required, on timely motion, to quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A). Rule 45 also requires that a subpoena must issue from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). The scope of a court's subpoena enforcement powers is limited in that a subpoena "may command a person to attend" only if the location of the trial, hearing, or deposition is:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the

3

person resides, is employed, or regularly transacts business in person if
the person:  (i) is a party or a party's officer; or (ii) is commanded to attend
a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).  "[A] subpoena may command:  (A) production of documents,

electronically stored information, or tangible things at a place within 100 miles of where

the person resides, is employed, or regularly transacts business in person; and (B)

inspection of premises at the premises to be inspected."  Fed. R. Civ. P. 45(c)(2).

6. **The deposition subpoena.**  The parties dispute whether Hetronic's

deposition subpoena (directed to Tele Draulic pursuant to Rule 30(b)(6)) violates the

requirements of Rule 45(c)(1).  Hetronic alleges that Tele Draulic has an active

presence in the United States and submits emails wherein Tele Draulic employees

coordinate business meetings in Miami, Florida and Phoenix, Arizona.  (D.I. 7 at 6-7,

D.I. 8, exs. 5, 9, 11)  Moreover, TRAM's annual reports state that Gorling has a Miami,

Florida address.  (D.I. 8, ex. 4)  Hetronic additionally contends that Tele Draulic's

secretary, Thomas Thorelli ("Thorelli"), resides in Chicago.  (D.I. 7 at 4)  Tele Draulic

disputes Hetronic's allegation, and submits an affidavit from Thorelli stating that he

resides in Paris, France.  (D.I. 11, ex. D, at ¶ 4)

7. While Tele Draulic concedes that it is incorporated in Delaware, it alleges that

its principal place of business is at Daravagen 21A, Askim, 436 21, Sweden, which is

over 100 miles away from Wilmington, Delaware, where the deposition was noticed.

(D.I. 11 at 6)  Gorling's affidavit states Tele Draulic has no employees, officers, or

directors residing in the United States.  (D.I. 1, ex. A at ¶¶ 3-4)  To support his affidavit,

Gorling provides Tele Draulic's 2015 tax return, which shows no domestic sales, compensation, advertising, or salaries.  (D.I. 11, ex. C at 8 -12)[1]

8.   Although Hetronic offers evidence that Tele Draulic employees have attended meetings in Miami, Florida and Phoenix, Arizona, both of these cities are more than 100 miles from Wilmington, Delaware.[2]  (D.I. 8, ex. 5, 9, 11)  Tele Draulic is incorporated in Delaware, but this does not mean that the deposition subpoena meets the requirements of Rule 45(c)(1).  *See Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, Civ. No. 13-6326, 2015 WL 728463, at *4 (S.D.N.Y. 2015) ("[T]he plain language of Rule 45(c) indicates that the court cannot compel a witness" to testify at a deposition (as an individual or as a corporate representative) when the individual must "travel more than 100 miles from a place of residence, employment, or regular business . . . regardless of where the corporate entity itself 'resides.'"); *see also Krueger Investments, LLC v. Cardinal Health 110, Inc.*, Civ. No. 12-0618, 2012 WL 3264524, at *3 (D. Ariz. 2012) ("Rule 45 explicitly prohibits a subpoena requiring a non-party to travel more than 100 miles from its place of business to testify."); *Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 62 (S.D.N.Y. 1998) ("Rule 45's goal is to prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work.").

9.   Hetronic cites case law that supports depositions of multinational corporations whose directors travel extensively to the United States.  These cases, however, relate to large companies with widespread business in the United States or to cases where the

---

[1] The court cites to page numbers assigned by ECF for D.I. 11.

[2] Even if Tele Draulic's secretary resides in Chicago, Illinois, as Hetronic alleges, his residence is still more than 100 miles away from Wilmington, Delaware.

5

deponent is a party in the underlying action. *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19 (D.D.C. 2013) (permitting depositions in the United States for a defendant); *see also In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 539 (D. Md. 1996) (allowing depositions of managing agents of Japanese multinational corporation with extensive business in the United States). Tele Draulic is not a party in the underlying action and is not a large company, as evidenced by its 2015 tax return. (D.I. 11, ex. C at 8 -12) Tele Draulic alleges it conducts no business in Delaware, and Hetronic has produced no evidence that Tele Draulic or any of its employees regularly transact business within 100 miles of Delaware.[3] (D.I. 1, ex. A); *see Elder-Beerman Stores Corp. v. Federated Dep't Stores, Inc.*, 45 F.R.D. 515, 516 (S.D.N.Y. 1968) ("a corporation not doing business in the district cannot be compelled to respond to such a subpoena."). Given that Hetronic has submitted no evidence that any Tele Draulic employee resides, is employed, or regularly transacts business in Delaware, the court will grant the motion to quash the deposition subpoena. *See Estate of Esther Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 239 (D.D.C. 2013) ("[T]his Court must quash a subpoena where a nonparty organization does not employ anyone who is suitable to serve as a Rule 30(b)(6) representative within 100 miles"); *see also W. Coast Life Ins. Co. v. Life Brokerage Partners,* LLC, Civ. No. 09-126, 2010 WL 181088 at *2-3 (D. Del. 2010) (quashing a subpoena for a nonparty Delaware company with no employees within 100 miles of the deposition location).

---

[3] As noted, Hetronic has provided exhibits that show Tele Draulic officers have conducted business in person in the United States, but has not demonstrated that these officers conduct business in person within 100 miles of Wilmington, Delaware.

6

10. **The production subpoena.** After quashing the deposition subpoena

pursuant to Rule 45(d)(3)(A)(ii), the validity of the production subpoena may be judged

independently, pursuant to Rule 45(a)(1)(C). *See Hallamore Corp. v. Capco Steel*

*Corp.*, 259 F.R.D. 76 (D. Del. 2009) (examining the validity of a production subpoena

independently after determining that the accompanying deposition request was invalid).

Tele Draulic claims that the production subpoena violates the 100 mile limit of Rule

45(c)(2)(A). (D.I. 1 at ¶ 3) In this regard, the Third Circuit has held:

> [T]he person subject to the subpoena is required to produce
> materials in that person's control whether or not the materials are located
> within the District or within the territory within which the subpoena can be
> served. Fed. R. Civ. Proc. 45, Committee Notes, 1991 Amendment
> Subdivision (a); *see also* ... 9A CHARLES ALAN WRIGHT AND ARTHUR
> R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2456 at 31
> (1995 & 2003 Supp.) ("Even records kept beyond the territorial jurisdiction
> of the district court issuing the subpoena may be covered if they are
> controlled by someone subject to the court's jurisdiction.").[4]

*Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004).

Therefore, the court must determine if Tele Draulic retains "any employee or other legal

representative (e.g., the agent for service of process) located within this court's

jurisdiction who possesses a sufficient degree of control over corporate documents

maintained outside the court's jurisdiction to make it appropriate to enforce the

production subpoena." *W. Coast Life Ins. Co.*, 2010 WL 181088, at *3; *see, e.g.*,

*Hallamore*, 259 F .R.D. at 80; *City of St. Petersburg v. Total Containment, Inc.*, Civ. No.

06-20953, 2008 WL 1995298, at *3 (E.D. Pa. 2008). As described above, Tele Draulic

has submitted affidavits to the court demonstrating that the company has no employees

---

[4] Although it is not clear if the Third Circuit defines the court's jurisdiction in this regard
by the scope of the court's Rule 45 subpoena enforcement powers or by its territorial
jurisdiction outlined in Rule 4(k), it is of no moment under the facts of the case.

and does not transact business in Delaware. (D.I. 1 at ¶ 14) Since Hetronic has not challenged these allegations and has not introduced any evidence that Tele Draulic has an employee or legal representative located within the court's jurisdiction with control over the responsive documents, the production subpoena will be quashed. *See Hermitage Glob. Partners*, 2015 WL 728463 at *4.[5]

11. **Conclusion**. For the reasons stated above, Tele Draulic's motions to quash the deposition subpoena (D.I. 1) and the production subpoena (D.I. 4) are granted. An appropriate order shall issue.

United States District Judge

---

[5] Having quashed the production subpoena based on the 100–mile rule, the court declines to address the parties' arguments regarding Tele Draulic's assertion of attorney-client privilege.

8